MEMORANDUM **
Peter John Rodriguez appeals the denial of his habeas corpus petition. His appeal raises two claims of ineffective assistance of counsel. We affirm.
Rodriguez’s claims were adjudicated on the merits by the state court. As a result, he is entitled to habeas relief only if he can show that the state court’s decision (1) “was contrary to, or involved an unreasonable application of, clearly established Federal law,” or (2) “was based on an unreasonable determination of the facts in light of the evidence presented.” 28 U.S.C. § 2254(d).
*694 Rodriguez first argues that the state court' unreasonably concluded that his counsel was not ineffective in failing to move to suppress an eyewitness’s identifications because there were no exigent circumstances warranting a show-up and because the witness’s identifications were unreliable. “[A] show-up,” however, “is a permissible means of identification without requiring a showing of exigency.” United States v. Booth, 669 F.2d 1231, 1239 (9th Cir.1981). Moreover, Rodriguez has not rebutted the state court’s observations that (1) the witness’s description was highly accurate, (2) she was certain of her identifications, and (3) the initial identification occurred shortly after the murder took place. Because the identifications were rehable based on these factual findings, see Neil v. Biggers, 409 U.S. 188, 196-201, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) (totality of the circumstances), the state court’s analysis was not “objectively unreasonable.” Yarborough v. Gentry, 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003).
Rodriguez also asserts that he was given ineffective assistance by his counsel’s failure to interview and call Robert Smith as a witness. Rodriguez’s attorney needed “to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.” Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). But the state court correctly concluded that even if Rodriguez’s counsel was ineffective by not making such investigations or decision, Rodriguez was not prejudiced as a result.
Smith’s affidavit only states that he never saw a gun in Rodriguez’s car, never saw the police remove a gun from the car, and never said there was a gun in the car. This possible testimony would have done little to help Rodriguez. For example, Smith’s counterpart affirmatively said that he saw a gun in Rodriguez’s car and two eyewitnesses saw a man fitting Rodriguez’s description running away from the crime scene with a gun in his hand. Since Smith’s testimony could not have rebutted these affirmative declarations, let alone challenged the physical evidence against Rodriguez, Rodriguez has not shown that there is a “reasonable probability” that “the result of the proceeding would have been different” had Smith testified. Id. at 694, 104 S.Ct. 2052. Accordingly, the state court’s decision was not an unreasonable application of federal law. See Edwards v. Lamarque, 475 F.3d 1121, 1125-26 (9th Cir.2007) (en banc) (“The unreasonable application clause requires .... evidence ... too powerful to conclude anything but the contrary ....”) (internal citations omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.